## UNITED STATES, RESPONDENT, *v.* RUDGER CLAWSON, APPELLANT.

AFFIRMED CLAWSON v. UNITED STATES, 114 U. S 477.

WHERE UNDER § 4 OF ACT OF CONGRESS APPROVED JUNE 23, 1874. 18 STAT. 254, on the trial of an indictment, the names of the two hundred jurors in the jury box provided for in that act are exhausted, and the jury is incomplete, the district court may issue an open venire to the United States marshal for the Territory to summon jurors from the body of the district, and the jury may be completed from the persons thus summoned.

APPEAL from a conviction of polygamy and unlawful cohabitation of the district court of the third district and from an order refusing a new trial.  The opinion states the facts.

*Messrs. Bennett, Harkness & Kirkpatrick* and *Mr. F. S. Richards,* for appellant.

The right to summon a jury by open venire must be found if at all in the common law.  There is no common law in Utah, it being conquered or ceded territory previously subject to different laws: *American Ins. Co.* v. *Ocean Ins. Co.* 1 Peters 511; *Strother* v. *Lucas,* 12 Pet-

ers 410; *United States* v. *Powers*, 11 How. 570; *Norris* v. *Harris*, 15 Cal. 226; *Bank* v. *Kinner*, 1 Utah 100; *Clinton* v. *Englebrecht*, 13 Wall. 446.

*Mr. William H. Dickson* and *Mr. Charles S. Varian*, for the respondent.

District courts of the territory have the same jurisdiction as circuit and district courts of the United States.

*United States* v. *Haskin*, 3 Sawyer 273; *Ex Parte Crow Dog*, 109 U. S. 560.

Exercise jurisdiction in the same way: *United States* v. *Nye*, 4 Federal Rep. 890; *United States* v. *Outerbridge*, 5 Sawyer 621; *United States* v. *Reid*, 12 Howard 361.

Power to issue open venire implied: *United States* v. *Hill*, 1 Brock, 156; *Stone* v. *People*, 3 Scammon 333; *Mackay* v. *People*, 2 Colorado 16; *Wilson* v. *People*, 3 Colorado 328; 1 Chitty. Crim. Law 310-312; 4 Blackstone 301-2; *United States* v. *Rose*, 6 Federal Rep. 136; *United States* v. *Munford*, 16 Federal Rep. 164; *State* v. *Haines*, Chicago Legal News, Nov. 1, 1884.

ZANE, C. J.:

At the last September term of the third judicial district court, the appellant was tried on an indictment containing two counts; the first charged polygamy, and the second unlawful cohabitation. He was convicted on both counts, and sentenced on the first to pay a fine of $500.00 and to imprisonment in the penitentiary for a term of three years and six months, and on the other count to pay a fine of $300.00 and to imprisonment for a term of six months. From this judgment he has appealed to this court.

The defendant insists that the jury that tried him was not legally constituted because section 4 of an act of Congress in relation to courts and judicial officers in the territory of Utah, approved June 23, 1874, was not followed in the selection of the jury.

The provisions of that section in so far as they are material to this case are that annually in the month of January, the clerk of the district court and the judge of

probate of the county in which such court is to be held, shall make a jury list from which grand and petit jurors shall be drawn to serve until a new list shall be made, as in the section provided; that the clerk and the judge shall alternately select a name until two hundred names have been selected.

The section also provides that the names on the list shall be written on slips of paper and deposited in a box, prescribes the mode of drawing the regular grand and petit jurors for each term and directs that the names so drawn shall not be returned to the box until a new list is made according to the manner prescribed in the section.

It is also provided that, if during the term any additional jurors shall be necessary they shall be drawn from the box by the United States marshal in open court.

The record shows that during the trial of the defendant and before the requisite number of jurors had been obtained, all the names were drawn out of the box, and the list of two hundred names was exhausted; that the district attorney, on the ground that the list provided for by statute was exhausted, then moved the court to issue a venire in order that the requisite number might be obtained, and the jury completed; and that thereupon a venire was issued to the marshal directing him to summon from the body of the district fifty jurors. From these the jury was completed.

This was the only means by which the court could obtain a jury to try the cause. For the clerk and probate judge are authorized to make a list only in January. The statute does not provide for a second list in any year; and to have stopped in the midst of the trial and to have issued a mandamus requiring the judge of probate and the clerk to do an act which the law either in terms or by fair construction did not require them to do, would have been unlawful, arbitary and absurd; it would have resulted in injecting into the case on trial, a mandamus suit, and the result would have been confusion and useless delay. It is also likely that the jurors which would have been selected by the probate judge would have disqualified themselves for sitting in a polygamy case, by answering that they

believed polygamy and unlawful cohabitation to be right. And the marshal is as certain as the clerk to select impartial jurymen. So that the real object in view—the selection of an impartial jury—was fully attained.

The court had two courses open before it—one was to stop the trial without the consent of the parties and to continue the case not only for the September term but for the December term as well, and to the February term, five months at least, and that too contrary to the Constitution, which guarantees to every man charged with a crime a speedy and impartial trial.

It is unreasonable to hold that Congress by the section in question intended to paralyze the action of the courts. If the method provided by the statute under consideration fails, it does not forbid the court from obtaining a jury by an open venire. If the common law method is repealed or forbidden it is wholly by construction and implication.

The laws of the United States expressly require each of the district courts of this territory to hold four terms a year. If the construction insisted upon by the appellant be correct, the number of the terms may be limited to two or even one term for the trial of polygamy cases.

There can be no court for the trial of criminal and other jury cases without a jury. But if the method expressed in the statute be exclusive, practically it may limit the terms to two or even one. If the position of appellant is right, the terms last year were limited to two for polygamy and unlawful cohabitation cases, because the list was not sufficient for the third term. And it appears that there was no jury for any class of cases for the December term, as no names at all were left in the box.

The court properly followed the statutory method of obtaining a jury until that method was exhausted; and it then was its duty to resort to the powers incident to it under the common law and to obtain a jury according to that method. This view is supported by the authorities cited by the prosecution. In an opinion given in the case of the *United States* v. *Rose,* 6 Federal Reporter 136, Swing, D. J. quoted the language of section 2 of the

act of June 30th, 1879, which is: "And that all such
jurors, grand and petit, including those summoned dur-
ing the session of the court, shall be publicly drawn
from a box containing at the time of each drawing the
names of not less than 300 persons possessing the qualifi-
cations prescribed in Section 800 of the Revised Statutes;
which names shall have been placed therein by the clerk
of such court and a commissioner to be appointed by the
judge thereof, which commissioner shall be a citizen of
good standing, residing in the district in which such court
is held, and well known member of the principal political
party in the district in which the court is held opposing
that to which the clerk may belong; the clerk and said
commissioner each to place one name in said box altern-
ately without reference to party affiliations, until the whole
number required shall be placed therein: and also the
language of Section 804 of the Revised Statutes of the
United States, the former law, which is: "When from
challenges or otherwise there is not a petit jury to deter-
mine any civil or criminal cause, the marshal or his dep-
uty shall by order of the court in which such deficiency of
jurors happens, return jurymen from the bystanders suf-
ficient to complete the panel;" and said: "This section is
not repealed in terms by the act of June 30th, 1879, nor
do we think it is by implication. Besides, if such were
the construction, the inconveniences and delays to the court
in the transaction of business would be incalculable;" and
after pointing out the delays and inconveniences, the court
further said: "It certainly was not in contemplation of
Congress that a construction working such inconveniences
should be given to the law."

The language of the act of June 30th, 1879, was more
explicit and authorized a stronger inference of an intention
to exclude any other method of obtaining a jury than
would section 4 of the act of June 23rd, 1874, on which
the defendant relies. And the reasons for the former stat-
ute were similar to and quite as important as the reasons
for the latter. In the case cited the statutory method had
not been exhausted; in the case in hand it had; and if the
objection had been sustained by the court in the former

case the delays and inconveniénces would not have been so great as would have followed the sustaining of the objections in the court below.

In *United States* v. *Mumford,* 16 Federal Reporter 165, the court made an order directing the marshal to summon jurors from the bystanders, and the defendant made the same objections as were made in *United States* v. *Rose supra,* and the court making the same ruling, said: "The jury law of 1879 is a general law relating to all jurors, and has been held by Chief Justice Waite and Judge Bond, sitting together, not to conflict with section 804 of the revised statutes. A literal adherence to the jury law of 1879 and a discardal of the unrepealed provisions of section 804, would work in frequent cases, and would have operated in the present case, a delay of proceedings equivalent to a paralyzing obstruction of the business of the court. Congress could not have meant to impose upon the proceedings of courts the delays adverted to."

*Stall* v. *Harris,* Chicago Legal News, Nov. 1st, 1884, has been cited. This case arose under the laws of State of Iowa, which required a jury list to be made by certain persons named for that purpose; and that all jurors should be drawn therefrom. The regular panel being exhausted the district court refused to delay the trial in order to fill the panel from the jury list, but directed it to be filled by calling persons present in the court room. To this the defendant, who was charged with a crime, excepted, and on appeal the supreme court of the state sustained the ruling of the district court, and said: "The court is and must of necessity be invested with a judicial discretion in this respect to the end that justice may be obtained and that unnecessary delays in the proceedings of courts will not occur." Also in the case of *Mackey* v. *The People,* 2 Colorado 13, the court held that the statute which provided that grand jurors should be elected by the board of county commissioners, did not exclude the common law method, and if after the regular panel has been discharged at a term of court, an exigency arises for another, a second panel may be selected and summoned by

an open venire directed to the sheriff.   To the same effect is the case of *Stone* v. *The People,* 3 Scammon 326.

The laws of the United States have established district courts in this territory and given them common law jurisdiction, power to try cases; all the specific powers and means which it is necessary for courts to employ are not specified, but the authority to hold the court confers the necessary power.   The general rule is that such power is implied as is necessary to carry into effect expressly given power.   When, therefore, a court is given jurisdiction to try a jury case, which simply means the power to do so, and the authority to summon a jury is not mentioned, it is implied; for without a jury there cannot be a court for the trial of jury cases.   If the jury is denied, the court is incomplete.   When the method of obtaining a jury provided by the act of June 23rd, 1874, was exhausted, if the court had no other authority, its power to try the appellant was gone for five months at least.   Our view is that when the mode of obtaining a jury according to the statute had failed, the power to use the ordinary means, the means to which the lower court did resort, was implied; it was incident to the authority to hold the court and to try jury cases.   In the case of the *United States* v. *Hill, et al.* Brockenborough 156, Marshall, C. J., said: "It has been justly observed that no act of Congress directs grand juries, or defines their powers.   By what authority then are they summoned and whence do they derive their powers?   The answer is that the laws of the United States have erected courts, which are invested with criminal jurisdiction.   This jurisdiction they are bound to exercise, and it can only be exercised through the instrumentality of grand juries.   These are, therefore, given by a necessary and indispensable implication.   But how far is this implication necessary?   The answer is obvious.   Its necessity is co-extensive with that jurisdiction to which it is essential."

The laws of the United States give the district courts of the territories common law jurisdiction, and we are of the opinion that these courts have the authority to employ the common law method of summoning a jury when no other

is furnished by statute, or when the method so furnished has been exhausted, as in this case.   To this method the court below resorted.

Section 93, Laws of Utah, 1884, p. 169, provides that:. "When jurisdiction is by this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given and in the exercise of the jurisdiction, if the course of proceedings be not specifically pointed out by this code, or the statute, any suitable process or mode of proceeding may be adopted, which may appear most conformable to the spirit of this code or the statute."

If this section applies to a prosecution for a breach of law of the United States, it gave the court ample power to adopt the method which was followed after the statutory method had been exhausted.    Whether this statute applies, we do not deem it necessary to decide in this case. Having disposed of the only exception argued, it only remains to be added that no error has been found in the record sufficient to authorize a reversal of the judgment of the court below.    The sentence and judgment of the lower court is affirmed.

TWISS, J., concurred.

EMERSON, J., expressed no opinion.